# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6088 | **DATE** | 4/29/2002 |
| **CASE TITLE** | U.S.A. vs. Barragan-Rangel | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying Barragan-Rangel's motion under 28 U.S.C. Section 2255 to vacate sentence. This case is therefore terminated. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 3 0 2002 date docketed | 9 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/29/2002 date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

DOCKETED
APR 3 0 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
v. ) No. 01 C 6088
)
JOSE TOBIAS BARRAGAN-RANGEL, )

## MEMORANDUM OPINION AND ORDER

Jose Barragan-Rangel was charged with conspiracy to import more than 100 kilograms of mixtures containing marijuana from Mexico into the United States (count I), attempt to import (count II), and witness tampering (count III). On November 5, 1999, he pleaded guilty to the conspiracy count in a blind plea, and the government dismissed the remaining counts. He directly appealed to the Seventh Circuit, and his appeal was dismissed. He now brings this motion under 28 U.S.C. § 2255 to vacate his sentence on the grounds that his plea was involuntary because he received ineffective assistance of counsel and he was not properly informed of the nature of the charges against him as required by Fed. R. Crim. P. 11(c)(1).

I.

Barragan-Rangel raised neither of these arguments on direct appeal, so to prevail on a § 2255 motion, he must show "cause and prejudice" for the failure to raise them on direct appeal.[1] *Menzer*

---

[1] Non-constitutional errors that could have been raised on appeal but were not are barred from § 2255 review notwithstanding cause and prejudice. *Arango-Alvarez v. United States*, 134 F.3d 888,

*v. United States*, 200 F.3d 1000, 1005 (7th Cir. 2000). "Cause" means that the failure to raise the claims was due to some external objective impediment, such as the unavailability of the factual or legal bases for a claim, or interference by state officials. *Cawley v. DeTella*, 71 F.3d 691, 696 (7th Cir. 1995). Barragan-Rangel had separate counsel on appeal, so ineffective assistance of appellate counsel may be cause for default if he can demonstrate that his attorney's performance was deficient and that he was prejudiced. *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). "Prejudice" means that the outcome would have been changed had the error not been made. *Wright v. Clark*, 96 F. Supp. 2d 757, 759 (N.D. Ill. 2000). Thus, to overcome his procedural default, he must show that, if his appellate counsel had raised the issues, there is a reasonable probability that his appeal would have been successful. *McCleese*, 75 F.3d at 1180.

A.

Rule 11(c)(1) requires that, before accepting a guilty plea, I must determine that the defendant understands the nature of the charges to which he is pleading. Compliance with Rule 11(c)(1) is judged by the totality of the circumstances, including the inquiry

---

891 (7th Cir. 1998). To the extent that Barragan-Rangel claims that the alleged Rule 11 violation rendered his plea unknowing and involuntary, he raises a constitutional question, so I consider whether he has demonstrated cause and prejudice for his default.

2

conducted by me, the defendant's level of intelligence, whether he was represented by counsel, the complexity of the charge, his own statements, and the evidence recited by the government to which the defendant admits. *United States v. Musa*, 946 F.2d 1297, 1304 (7th Cir. 1991); *see also United States v. Medina-Silverio*, 30 F.3d 1, 3 (1st Cir. 1994) (holding that there are no "magic words" or "talismanic test"). Barragan-Rangel argues that his plea was not knowing and voluntary because he did not understand what "conspiracy" meant, and that I failed to comply with Fed. R. Crim. P. 11(c)(1) when I took his guilty plea because I "failed to . . . describe the charge and did not even mention that the charge concerned conspiracy to import marijuana." Mem. at 4. However, at the plea, I said to Barragan-Rangel:

> [I]n Count 1 you are charged with various other codefendants with conspiring to import into the United States from Mexico more than 100 kilograms of mixtures containing marijuana, in violation of federal law.

Tr. at 7. I asked him if he had read the indictment, discussed it with his attorney, and whether he understood the charges against him, and he answered affirmatively. *Id.* at 7-8. Moreover, the government's proffer described the conspiracy and Barragan-Rangel's participation in detail, including dates, places, persons and amounts involved in the transactions. *Id.* at 14-18. After the government's proffer, I asked Barragan-Rangel about his role in the conspiracy, and he admitted that he was part of a group of people that imported marijuana from Mexico, *id.* at 19, that he knew that

3

at least some of the marijuana was from Mexico, *id.* at 20, and that he personally received marijuana from couriers, *id.* He also admitted to paying a potential government witness to leave the country so that she would be unavailable to testify at trial. *Id.* at 21-22.

Although Barragan-Rangel has only a sixth grade education and speaks little English, he was assisted by an interpreter, represented by counsel, and he admitted to the essential elements of the conspiracy charge. This, together with the government's proffer and the relative simplicity of the charge against him, is sufficient to satisfy Rule 11(c)(1) and to demonstrate that his plea was knowing and voluntary. *See Musa*, 946 F.2d at 1304-05 (holding that Rule 11(c)(1) was satisfied, although judge did not specifically state the elements of the crime, because defendant admitted to participation in drug transactions with other members of conspiracy and stated that he understood the charge). Barragan-Rangel assured me that he understood the nature of the charges, and he cannot now claim that he did not, in fact, understand what conspiracy meant because the essential facts of the crime were described and he admitted to them. *See id.* at 1305. "It is not deficient performance to fail to raise an argument with no real chance of success or where the objection would have been properly overruled if it had been made," *Hough v. Anderson*, 272 F.3d 878, 898 (7th Cir. 2001), so Barragan-Rangel's appellate counsel was not

ineffective for failing to raise the Rule 11 or due process argument on direct appeal. Accordingly, he has failed to demonstrate "cause" for his procedural default, and he may not pursue that claim on a § 2255 motion here.

B.

Barragan-Rangel also claims that his trial counsel was ineffective for failing to recognize or pursue a Sixth Amendment violation and an entrapment defense relating to the witness tampering charge. He did not plead guilty to witness tampering, but the government offered evidence of it in its proffer on the conspiracy charge. Tr. at 20-21. After he was indicted on the conspiracy charge and had retained counsel, he talked to Tostado, a co-defendant who was secretly cooperating with the government, about paying a government witness to disappear. Unbeknownst to Barragan-Rangel, Tostado was wearing a wire and the conversations were recorded. The government brought a superseding indictment, adding the witness tampering allegations to the conspiracy charge and bringing a separate charge of witness tampering. Barragan-Rangel says that he did not initiate the conversations with Tostada, and that he was prejudiced by his attorney's failure to pursue his potential *Massiah* and entrapment defenses.

*United States v. Massiah*, 377 U.S. 201 (1964), stands for the proposition that, once a defendant has been indicted and retained counsel, the government may not deliberately elicit incriminating

evidence from him without his attorney present. But *Massiah* dealt only with interrogation about past misconduct, and specifically contemplated that investigation of continuing criminal activity after indictment may be entirely proper. *Id.* at 206. *Massiah*'s prohibition does not apply to statements, such as solicitation of a bribe (or in this case, witness tampering), that are not statements of past conduct but are themselves criminal acts. *See United States v. Merritts*, 527 F.2d 713, 716 (7th Cir. 1975). This is so even when, as here, the criminal conduct constitutes a new crime as well as additional conduct relevant to the crime charged in the original indictment. *Id.* Thus there was no Sixth Amendment violation relating to any statements about witness tampering.

The holding in *Merritts* was limited in *United States v. Moschiano*, 695 F.2d 236 (7th Cir. 1982), to exclude bad faith efforts by the government to obtain evidence on the original indicted offense. *Id.* at 242-43. Barragan-Rangel intimates that there was bad faith here and requests a hearing to get to the bottom of Tostado's relationship with the government, but "a hearing is not necessary if the petitioner makes conclusory or speculative allegations rather than specific factual allegations." *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir. 1995). Moreover, Barragan-Rangel has not demonstrated how, even if there was a Sixth Amendment violation that his counsel failed to pursue, he would have been prejudiced. He has not explained what evidence

6

would have been lacking, and how that would have affected his decision to plead in light of the rest of the evidence in the record. In reply, Barragan-Rangel argues that any incriminating statements about past conduct relating to the marijuana conspiracy charge could not be used against him at trial, and this may be so, see *Merritts*, 527 F.2d at 714 n.2, but he does not identify any such statements, although they are within his personal knowledge, so I cannot assess what, if any, prejudice he might have suffered by his attorney's failure to attempt suppression.

All that remains, then, is his attorney's failure to pursue an entrapment defense. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Winters v. Miller*, 274 F.3d 1161, 1166 (7th Cir. 2001). Where, as here, the attorney argues at sentencing for a downward departure based on acceptance of responsibility, the decision not to pursue an entrapment defense is a reasonable strategy. *See United States v. Cedano-Rojas*, No. 97 C 1822, 1998 WL 547281, at *2 (N.D. Ill. Aug. 27, 1998) (Williams, J.). To overcome the presumption that his attorney's decision not to pursue the entrapment defense was a "sound trial strategy," Barragan-Rangel must "demonstrat[e] a reasonable probability that, 'but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Winters*, 274 F.3d at 1166. It is not ineffective assistance of counsel not to pursue a weak entrapment

7

defense. *See Hough v. Anderson*, 272 F.3d at 898; *see also United States v. Tardieff*, 83 F.3d 424, 1996 WL 190820, at *3 (7th Cir. Apr. 17, 1996) (unpublished order). Barragan-Rangel claims that Tostado initiated the discussions about paying off the witness, and that "had Tostado no called [him] so often and so pestered [him, he is] certain [he] would not have succumbed to [Tostado's] scheme to entrap [him] into attempting a bribe." Decl. at 3. "'Pestering' does not rise to the level of entrapment." *United States v. Espinoza-Gomez*, 9 F.3d 1549, 1993 WL 470471, at *1 (7th Cir. Nov. 16, 1993) (unpublished order); *see also United States v. Blackman*, 950 F.2d 420, 424 (holding on direct appeal that evidence that government agent solicited drug sale and "hounded" defendant was insufficient to establish entrapment).

Moreover, even if the entrapment defense would have been successful, Barragan-Rangel cannot show that his attorney's failure to pursue it was prejudicial. He did not plead guilty to witness tampering, only to conspiracy. He claims that the government's case against him on the conspiracy charge was weak without the evidence of witness-tampering, but the evidence of his knowing participation in numerous drug transactions with a group of people who imported drugs from Mexico was sufficient to support a conviction. *See Musa*, 946 F.2d at 1303. Thus he has failed to demonstrate that a defense of entrapment on the witness-tampering charge would have changed his decision to plead guilty to the conspiracy charge, which is all

8

that is at issue here. Because he cannot show that he was prejudiced by either his trial or appellate counsel's failure to raise the *Massiah* and entrapment defenses, he cannot overcome his procedural default or prevail on the merits.

II.

Barragan-Rangel's motion under 28 U.S.C. § 2255 to vacate his sentence is DENIED.

**ENTER ORDER:**

*/s/ Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: April 29, 2002